UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERIE S. NILES AND**<br>**STEWART E. NILES, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8777** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "C" (4)** |

<u>**ORDER AND REASONS**</u>

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 5). With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u> This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2)

setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In response to the Court's order, the defendant informed the court that the plaintiffs' homeowners' insurance has coverage limits of $625,000 for dwelling, $437,500 for contents and $62,500 for other structures.  See, Rec. Doc. 8.  The defendant also recited the elements of damage that the plaintiffs claimed in their petition.

The plaintiffs provided estimates of their uncompensated damages which total approximately $64,000.  Furthermore, the plaintiffs assert that they do not think that they are likely to be able to recover penalties, attorneys' fees, compensatory and exemplary damages for any allegedly arbitrary and capricious behavior on the insurer's part under La. Rev. Stat. § § 22:658 and 22:1220, because they have yet to file a sworn proof of loss with the insurer.

The Court finds that defendant has not met its burden of showing that the jurisdictional amount is facially apparent.  Although the issue is close, the defendant presents no additional proof that the jurisdictional minimum existed at the relevant time.  Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 6th day of June, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE